RILEY MELVIN and JAMES E. MELVIN, trading under the firm name and style of MELVIN AND SON, *vs.* ALVIN B. CONNER.

*Assumpsit—Affidavit of Defense—Nothing Due and Owing—Nature and Character of the Defense Not Set Out—Time for Filing Affidavit of Defense; Extended When—Practice.*

1. An affidavit of defense stated, "there is a legal defense to the whole of the cause of action,—the nature and character whereof is as follows : that there is nothing due and owing from the said defendant to the said plaintiff's. *Held* insufficient.

2. The time for filing an affidavit of defense will not be extended if the application for the extension is made after the first Friday of the term.

(*October 30, 1905.*)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*Rosewell Hammond* and *W. Watson Harrington* for plaintiffs.

*George M. Jones* for defendant.

Superior Court, Kent County, October Term, 1905.

ACTION OF ASSUMPSIT (No. 70, October Term, 1905), to recover for services, as real estate brokers, rendered to the defendant in and about the sale of a certain farm in Kent County.

The defendant filed the following affidavit of defense, viz:

" Be it remembered that on the twenty-sixth day of October, A. D. 1905, before me, Walter Pardoe, Prothonotary of the Superior Court of the State of Delaware, in and for Kent County, personally comes Alvin B. Conner, the defendant in the above stated suit, who having been by me duly affirmed according to law, doth depose and say that he is the defendant in the above stated suit; that he verily believes that there is a legal defense to the whole of the cause of action in the above stated suit, the nature and character whereof is as follows, that there is nothing due and owing from the said defendant to said plaintiffs."

(The above affidavit was duly signed and affirmed by the affiant.)

*Harrington, for plaintiffs:*—We ask for judgment notwithstanding the affidavit of defense. This is an action of assumpsit on a book account and the affidavit does not state the nature and character of the defense according to the provisions of the statute—(*Chap. 106, Sec. 4. Rev. Code, 789*).

*Reynolds vs. Fahey, 4 Pennewill, 265.*

*Jones, for defendant:*—This is an action of assumpsit, and the affidavit sets out what is equivalent to non assumpsit. But if the Court have any doubt about the sufficiency of this affidavit, I would ask that the time be extended in which to file an affidavit of defense.

LORE, C. J.:—You are too late to make that application now. That must be done by the first Friday of the term, and that time has passed.

We hold that the affidavit of defense is insufficient, in that it does not set out the nature and character of the defense relied upon, as must appear in such affidavit under the well settled rulings of this Court. We therefore order judgment to be entered notwithstanding the affidavit of defense.